*20
SUMMARY ORDER

Petitioner Can Gao, a native and citizen of the People’s Republic of China, seeks review of the June 30, 2008 order of the BIA denying his motion to reopen. In re Can Gao, No. A71 498 696 (B.I.A. Jun. 30, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court’s admonition that such motions are “disfavored.” Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006) (citing INS v. Doherty, 502 U.S. 314, 322-23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). We find that the BIA did not abuse its discretion in denying Gao’s motion to reopen based on his failure to rebut the Immigration Judge’s (“IJ’s”) underlying adverse credibility determination. See Kaur v. BIA, 413 F.3d 232, 234 (2d Cir.2005) (per curiam); Similarly, contrary to Gao’s argument that he is eligible to submit a successive asylum application based on changed personal circumstances, his failure to establish prima facie eligibility for relief where he did not rebut the prior adverse credibility determination provided a sufficient basis for the BIA to deny his successive application. See id., Kaur, 413 F.3d at 234; see also INS v. Abudu, 485 U.S. 94, 105-09, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).
Further, while Gao suggests that the BIA erred in failing to consider all his evidence, a review of the record reveals that the BIA reasonably considered that evidence and found that it failed to overcome the IJ’s adverse credibility determination. See Wei Guang Wang v. BIA, 437 F.3d 270, 273-275 (2d Cir.2006).
Finally, contrary to Gao’s argument that the BIA failed to consider separately his claim for CAT relief, the BIA reasonably considered Gao’s motion and found that he failed to present any material evidence. Accordingly, the BIA’s denial of Gao’s motion to reopen was not an abuse of discretion. See 8 C.F.R. § 1003.2(c); Wei Guang Wang, 437 F.3d at 275.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).